GEORGE TRAUTMAN AND WIFE, Complainants,

*v.*

MOSES A. WALKER, Dft.

San Juan, Equity, No. 1275.

Opinion filed June 23, 1924.

*Mr. R. V. Perez Marchand* for complainants.

*Mr. J. Henri Brown* and *Mr. D. Noll* for defendant.

ODLIN, Judge, delivered the following opinion:

This case presents matters of peculiar difficulty. The suit

was originally brought in the Insular district court at Ponce, seeking a foreclosure of a mortgage upon certain property in the municipality of Juana Diaz, which consists of a mine carrying manganese ore. The defendant in due season removed the cause to this court, and the complainants soon thereafter filed a reformed bill of complaint which operated to carry the case to the equity side of this court. After this was done, an answer was filed by counsel for the defendant to the said reformed bill of the complainants, and on June 17, 1924, there was filed by counsel for the complainants a motion to dismiss the answer, upon the ground that said answer did not state facts sufficient to constitute a defense to the bill for foreclosure as it stands at present in this court; and it is further set forth in this motion that this answer is outside of the scope of defenses allowed by the mortgage law of Porto Rico, as interpreted by the supreme court of Porto Rico, and by the Supreme Court of the United States, and by this court. An examination of the answer, after argument by counsel for the complainants and by counsel for the defendant, makes it very apparent that there are involved mixed questions of law and fact of such a nature to make it impossible for the writer of this opinion to decide at this time whether the answer is good or bad. During the argument of counsel questions arose which satisfy me that it is very probable that this court will require testimony to be taken in order to ascertain whether the present owner of the mine, Mr. Moses A. Walker, has a valid defense to the present bill for foreclosure.

Therefore, the court does not at this time grant the motion to dismiss the answer, but reserves this question for the future consideration of the court.

But a more difficult question arises by reason of the fact that

the attorney for the complainants has applied for a temporary injunction against the continued operations of the mine by the defendant, based upon the affidavit of George Trautman that unless the defendant Moses A. Walker is enjoined pending this foreclosure proceeding, the deposit of manganese in the mine will either disappear entirely or will be greatly diminished before this litigation shall be concluded, and that the property after the manganese shall be taken away will be of little or no value, the result of which would be to impair seriously, if not destroy entirely, the security which the complainants now have for the payment of the mortgage indebtedness. It was conceded during the argument of counsel that after taking into consideration the moneys which have already been deposited in court by the defendant, or by his predecessor in title, the unpaid portion of the mortgage debt would be in the neighborhood of $22,000. It was also conceded during the argument that this mortgage, which is the subject of the present foreclosure proceeding, is a second mortgage, there being outstanding a prior mortgage incumbering the property, which is a first lien and which remains unpaid. Affidavits have been filed by the litigating parties, those filed by the complainants being in support of this petition for a temporary injunction, and those filed by the defendant tending to support the claim of the latter that great injustice would be done the defendant if this court were to order a temporary injunction, because the defendant has entered into contracts with third parties for the shipping and delivery of the manganese ore, and if these operations are interfered with by this court the defendant Walker would suffer great loss and damage.

After carefully considering this matter, I can see that it is

quite possible that this litigation may continue for three or four years, and that when the litigation shall be finally concluded the complainants might prevail and the property be without value. Therefore, under the peculiar conditions of this case, the complainants are entitled to a temporary injunction against the operation of the mine, and counsel for the complainants has stated in open court that they are perfectly willing to give a bond sufficient to protect the rights of the defendant in the event that this temporary injunction shall operate to his injury. The amount of this bond to be given by the complainants was suggested by their counsel at $5,000, and the amount as suggested by the counsel for Mr. Walker was stated to be $50,000. My best judgment is that a bond for $15,000 would afford ample protection for the defendant;

Therefore, I direct that the defendant be enjoined from the further operation of said mine, provided that the complainants shall file a good and sufficient bond to be approved by this court in the sum of $15,000, conditioned to protect the defendant against loss, damage or injury for the time that this temporary injunction shall be in force.

I must, however, upon my own motion, take notice of the fact that the conditions of this case are such that the rights of the complainants may be fully protected and at the same time that the operations of the mine be not suspended or enjoined. Therefore, I make a part of this order that if the defendant, Moses A. Walker, shall execute a good and sufficient bond, with sureties to be approved by this court, in the sum of $30,000 payable to the complainants, guarantying the complainants the payment of the mortgage debt in full with interest, attorney's fees, and costs, in the event that the complainants shall finally

prevail, then no injunction shall issue and the operations of the mine may continue.

To state the matter in another way, the defendant is by my order given the option of submitting to a temporary injunction and stopping the operations of the mine upon the furnishing by the complainants of a bond in the sum of $15,000, or the defendant may continue the operations of the mine upon his giving a good and sufficient bond of $30,000, as above indicated.

To this order and opinion counsel for the complainants and counsel for the defendant except.

Done and Ordered in open court at San Juan, Porto Rico, this 23rd day of June, 1924.